# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAZADI BIG MUSUNGAYI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-03364 (UNA) |
| ) | |
| ) | |
| OFFICE OF THE PRESIDENT OF ) | |
| THE DEMOCRATIC REPUBLIC ) | |
| OF CONGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons explained below, the Court denies the IFP Application, and it dismisses this matter without prejudice.

At the outset, the Court denies Plaintiff's IFP Application. The Application is neither captioned for this Court, see Fed. R. Civ. P. 10(a), D.C. LCvR 5.1(g), nor is it submitted with an affidavit or otherwise under oath, *see* 28 U.S.C. § 1915(a)(1). Furthermore, although Plaintiff provides the Court with information regarding his substantial student loan debt, *see* IFP App. at 1–4, no other information is provided regarding his other current financial circumstances—i.e., his income, cash or money he possesses in checking or savings accounts, any other assets or items of value that he owns, regularly monthly expenses, his dependents, or any other debts or financial obligations. *See id*; *see also* Form No. AO 240.

Plaintiff's Complaint fares no better. Plaintiff, who immigrated to the United States in 1989 from the Democratic Republic of the Congo ("DRC") to seek refuse from political unreset

and to pursue his higher education here, *see* Compl. at 1–2, 4–6, sues the Office of the President of the DRC and the Office of the President of the United States/White House, *see id.* at 1. Plaintiff contends that Defendants are obliged to "bail him out" of his federal student loan debt due to (1) the alleged longstanding corruption by corporate and political factions in both the United States and DCR that have exploited the DRC, "forcing most of the Congolese elite to seek exile in foreign countries," leaving him "stuck here in the United States" to accrue student loan debt, *see id*. at 2–5, and (2) the 2025 Peace Agreement brokered by the United States between the DCR and the Republic of Rwanda, because of which Plaintiff contends that his student loans should be forgiven by the federal government or the DRC should "absorb it into its foreign debts to the United States," *see id.* at 1, 6, 8.

Plaintiff has failed to state a claim. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Relevant here, Federal Rule 12(b)(6) authorizes dismissal of claims without any legal basis, "without regard to whether [the claims are] based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim). Further, The IFP statute requires dismissal of a case "at any time" the court determines that a complaint fails to state a claim upon which relief may be granted, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Here, even in affording Plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), his Complaint fails to state an actionable claim.  Plaintiff has proposed no reasonable basis nor cited to any legal authority to support his proposition that either Defendant owes him any duty to forgive his student loan obligations.  His theories regarding both countries' political and economic machinations, and the 2025 Peace Agreement, while creative, have absolutely no footing in fact or law.

Accordingly, the Complaint, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:  December 16, 2025

/s/_____
ANA C. REYES
United States District Judge